# Moody *v.* Alabama Great Southern Railroad Co.

*Action for Damages, for Killing Cattle by a Railroad Train.*

1. *General affirmative charge.*—When, in an action against a railroad company to recover damages for the killing of a cow, there is evidence from which the jury could infer that defendant's employees were

[Moody v. Alabama Great Southern R. R. Co.]

negligent in not averting the accident, it is error to give the general affirmative charge for the defendant.

2. *Objection to depositions.*—Although a deposition is taken without the affidavit required by section 2802 of the Code being made, it should not be excluded on objection and motion made to it after the commencement of the trial.

3. *Argument of counsel to the jury.*—In an action against a railroad company to recover damages for the killing of a cow, a statement by the plaintiff's counsel in his argument before the jury, that "the witnesses were bound to testify as they did; that if they had testified differently, they would have been promptly discharged," when wholly unsupported by the evidence, is properly excluded.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This is an action to recover damages for the killing of a Galloway cow, and was brought by the appellant, F. S. Moody, against the appellee corporation. This is the second appeal.—90 Ala. 46. After the reversal of the cause, the second trial in the Circuit Court resulted in a judgment for defendant. The defendant admitted the killing of the cow by one of its trains at the date and place mentioned in the complaint, but denied any liability therefor. The testimony for the defendant was to the effect that the train, the engine of which killed the cow in question, was properly manned and equipped with skillful, competent, and careful men and good machinery; that the engineer was at his post and keeping a proper lookout; that he saw the cattle on the track before he came up to them; that he blew the cattle alarm, and blew for brakes; that he brought his train to nearly a full stop, and that after the cattle had left the track he started his train up again; that after the train got under headway the cow, which was killed, ran back on the track, right in front of the engine; that he could not possibly have stopped his train then in time to have averted the accident; and that the engineer did all that he could to prevent the accident. The evidence for the plaintiff, as testified by the witness Hamner, tended to show that near the place where the cow was killed, there were tracks of several cows going up on the railroad track, and after getting on the railroad track, the said tracks could be seen for about 40 yards, and all the tracks then left the railroad track, except the tracks of one cow, which went about 20 yards further, and then disappeared, and that opposite this place on the track, where the tracks of the cow disappeared, the body of the cow was found, at the bottom of the embankment.

Upon the defendant offering to introduce in evidence the deposition of one William T. Ham, who was the conductor

on the train that killed the said cow, the plaintiff objected, and moved the court to suppress the deposition, on the ground "that the answer of said witness to the interrogatories showed that he was a resident of Birmingham, and within 100 miles of the place of trial; and upon the further ground, that no affidavit was filed with the clerk of the Circuit Court in the said case, as required by law, as a basis for filing interrogatories, and taking the deposition of said witness Ham." But the court overruled the plaintiff's objection and motion, and allowed the said deposition to be read in evidence, "the case having been entered upon and the plaintiff having introduced his evidence, and rested his case, before any objection was made to the introduction of said deposition." To this action of the court the plaintiff duly excepted. The part of the argument of the plaintiff's counsel which was ruled out by the court is stated in the opinion. To this action of the court the plaintiff duly excepted. There was judgment for the defendant, and the plaintiff prosecutes this appeal, and assigns as error the several rulings of the lower court, to which exceptions were reserved.

FRANK S. MOODY, for appellant.—The general affirmative charge should not have been given for the defendant.—*Seals v. Edmondson*, 73 Ala. 295; *Hall v. Posey*, 79 Ala. 84; *Tait v. Murphy*, 80 Ala. 440; *DePoister v. Gilmer*, 82 Ala. 435; *Ala. Gold Life Ins. Co. v. Mobile Mutual Ins. Co.*, 81 Ala. 329; *Luke v. Calhoun County*, 52 Ala. 115; *Belisle v. Clark*, 49 Ala. 98; *McGehee v. Harrison*, 51 Ala. 522; *Carter v. Shorter*, 57 Ala. 253.. The deposition of the witness Ham should have been excluded from the jury.—*Parker v. Haggerty*, 1 Ala. 633; *Wright v. Smith*, 66 Ala. 545; *Parsons v. Boyd*, 20 Ala. 122; *Shield v. Dothard*, 59 Ala. 595; *Sims v. Jacobson*, 51 Ala. 186. The plaintiff's counsel should have been permitted to comment upon the testimony of the defendant's witness in the manner attempted.—*E. T., V. & G. R. R. Co. v. Bayliss*, 75 Ala. 471.

A. G. SMITH, *contra.*—The court did not err in giving the general affirmative charge in favor of the defendant.—*A. G. S. R. R. Co. v. Moody*, 90 Ala. 46. The objection to the deposition of the witness Ham and the motion to exclude the same were properly overruled.—*R. R. Co. v. Maples*, 63 Ala. 601; *Cornelius v. Partain*, 39 Ala. 473; *May's Heirs v. May's Admr.*, 28 Ala. 141; *Thompson v. Rawles*, 33 Ala. 29; *Hudson v. Howlett*, 32 Ala. 478; *Morgan v. Wing*, 58 Ala.

301; Code of 1886, § 2810. The remarks of plaintiff's attorney which were excluded by the court were not supported by the evidence, and, therefore, the court did not err in its ruling thereon.—*E. T., V. & G. R. R. Co. v. Bayliss*, 75 Ala. 471.

McCLELLAN, J.—This is the second appeal in this case. On the former appeal it was held that the evidence was free from conflict or adverse inference to the negation of all negligence on the part of defendant's trainmen in respect of the killing of plaintiff's cow, and hence that the general affirmative charge with hypothesis should have been given for defendant.—*Ala. Gr. So. R. R. Co. v. Moody*, 90 Ala. 46. When the case came on for trial again below, the court was of opinion that the evidence adduced was the same as upon the first trial, and therefore charged affirmatively for the defendant. A verdict was returned accordingly, and from the judgment thereon this appeal is prosecuted. This court was at first of the opinion that the evidence on the two trials was the same, that it showed without conflict that defendant was not negligent, and that the trial court properly gave the affirmative charge for defendant. We have come to a different conclusion, however, on the application for rehearing, and the former opinion on this appeal is withdrawn. On the last trial the witness John Hamner testified to facts from which the jury might legitimately have inferred that the animal did not come upon the track and stop so immediately in front of the engine that it was impossible to avoid striking her, as deposed to by the trainmen, but that, to the contrary, it got on the track *some distance in front of the engine, and ran along it for sixty yards before being overtaken and killed by the train*. This evidence was not in the case on the first trial, or, at least, was not presented here by the bill of exceptions taken on that trial. If the jury believed Hamner, they could not believe the account given of the accident by the engineer; and, believing Hamner, they had a right to infer that defendant's employes were negligent in not stopping the train, or so slackening its speed as to admit of the escape of the animal. The charge given by the trial court deprived the jury of this right, and was therefore erroneous. *M. & B. R. R. Co. v. Ladd*, 92 Ala. 287.

The statute provides that "all objections to the admissibility of the entire deposition in evidence must be made before entering on the trial, and not afterwards, unless the matter is not disclosed in the deposition, and appears after the commencement of the trial." Code, § 2810. It is in-

sisted for appellant that this statute "means a deposition taken pursuant to section 2802 of the Code," and has no application to or bearing upon a paper filed in the cause as a deposition, and offered on the trial as such, and which is in the form of a deposition, but which appears on its face not to have been regularly taken in that, for instance—the present case—the preliminary affidavit has not been made as required by the section last referred to. This construction, we think, is entirely too narrow. Its adoption would lead to the practical emasculation of the statute quoted first above, since objections to entire depositions are, in many if not most instances, based upon some infirmity of the deposition resulting from non-conformity to section 2802. We apprehend the true interpretation of the act to be such as to make it applicable to every paper filed in a cause which is in the form of a deposition taken therein, wholly irrespective of the defects it discloses in the manner of taking it. In one sense no paper in this form which the court adjudges to be inadmissible is "a deposition," and the judgment of exclusion is essentially a judgment that it is not a deposition; but manifestly this is not the sense of the word as used in section 2810, else the operation of that section would be confined to depositions regularly taken in all respects, but containing no evidence relevant to the issue—a case which could rarely occur and in which, when it does occur, the statute, if it applies at all, might be easily avoided by making separate motions to exclude different parts of the deponent's testimony. We are clear that a deposition, the infirmity of which lies in the absence of the affidavit required by section 2802, should not be excluded on a motion made after the commencement of the trial; and hence that the court's action on the objection made by plaintiff, after the trial had been entered, to the deposition of the witness Ham as an entirety was free from error.

It does not appear of this record that the court *prevented* any line of argument on the part of plaintiff's counsel as is here insisted. What was done is thus stated in the bill of exceptions: "Plaintiff's counsel, in addressing the jury in his argument, stated, 'the witnesses, whose depositions had been read and who were employes of the defendant, were bound to testify as they did; that if they had testified differently they would have been promptly discharged.' Counsel for defendant objected to this argument, and asked the court to rule it out, which motion the court granted." This action of the court was not with reference to counsel's further argument, but solely upon and with reference to a state-

[Baker v. Maxwell et al.]

ment wholly unsupported by evidence, which had already been made in argument. That this statement was improper and properly ruled out by the court, we do not doubt. *E. T. Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 471; *L. & N. R. R. Co. v. Orr*, 91 Ala. 548. It is not conceivable that this action of the court could have denied to plaintiff the benefit of any legitimate argument his counsel might thereafter have seen proper to advance.

For the error pointed out the judgment is reversed, and the cause remanded.