# Louisville & Nashville Railroad Company v. Willams.

*Action against Railroad Company to recover Damages for Killing Cattle.*

1. *Negligence in killing stock; contributory negligence on the part of the owner.*—In an action against a railroad company to recover dam-ages. for the alleged negligent killing of plaintiff's stock, the fact that the plaintiff, after hunting for the stock which had strayed away, when in close proximity to the defendant's road, abandoned the pur-suit of them when night came on, knowing that trains frequently passed on the said road, does not constitute contributory negligence on the part of plaintiff, precluding his recovery.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

Thomas A. Williams, the appellee, brought the present action against the appellant, the Louisville & Nashville Railroad Company, to recover damages for the alleged negligent killing by the defendant of a yoke of oxen, the property of the plaintiff. The defendant pleaded the general issue, and contributory negligence. The plain-tiff, upon being examined as a witness, testified that the oxen were killed on the night of the 11th of December,

1890 ; that on the evening of that day he yoked the oxen together for the purpose of driving them home, a distance of about six miles ; that he and his son drove them along the public road to a place near the defendant's railroad ; that by this time it was dark , and not being able to borrow a lantern, he and his son continued to drive the oxen homeward along the public road, which ran parallel with and near the defendant's track ; that upon reaching a branch he stopped to drink some water, and the oxen wandered off ; and that he and his son were not able to find them, notwithstanding they made a diligent search for them ; that after looking for the oxen for two or three miles, he and his son went on home ; and that on the next morning, upon their return to the railroad, they discovered that the oxen had been killed at the intersection of the public road with the defendant's track, about three-quarters of a mile away from the branch whence the oxen strayed off.   The plaintiff further testified that he knew trains of cars passed over defendant's road through the night.   The evidence for the plaintiff further tended to show that an object as large as an oxen on the railroad, where the plaintiff's oxen were killed, could have been seen in the day time by an engineer on a locomotive for one-quarter of a mile as he approached the object going in either direction.

Upon this evidence the defendant asked the following charges, and separately excepted to the court's refusal to give each of them as asked :   (1.)   "If the jury believe the evidence in this case, they must find their verdict for the defendant."   (2.)   "If the plaintiff left or abandoned his oxen there in the dark, yoked together, and made no effort to find them, then he contributed to his own injury, and he can not recover in this action."   (3.)   "If the evidence shows that the plaintiff was guilty of contributory negligence, then the burden, which the law casts on the defendant in these cases, is changed, and the evidence must show that the defendant is guilty of negligence before they can fine a verdict for the plaintiff."   (4.)   "If the plaintiff left or abandoned his oxen, yoked together, at or near the railroad, and knew that trains of cars were liable to pass there at any time, and made no effort to get them away from there, then the plaintiff is guilty of contributory negligence, and they must find for the defendant."

[Louisville & Nashville Railroad Company v. Williams.]

There was judgment for the plaintiff. The defendant appeals, and assigns as error the court's refusal to give the charges requested by it.

J. M. FALKNER and HENRY WILSON, for appellant.

LONGSHORE & BEAVERS, *contra.*

BRICKELL, C. J.—The assignments of error relate exclusively to the refusal of instructions to the jury requested by the appellant. These instructions proceed on the proposition that it was negligence in the plaintiff, contributing to the loss of the oxen, to abandon the pursuit of them, in the night time, in proximity to the track of the road of the defendant, with knowledge of the frequent passing of trains. It is a right of the owner of domestic animals to permit them to run at large, and willful or negligent injury to them is a wrong furnishing him a right to recover the consequent damages; that they were at large, is not in any sense contributory negligence. A railroad company is liable for the negligent injury to stock straying on its track; and when the injury is shown the presumption of negligence arises, which the company must remove by evidence.—Code, § 1147, note. While the statute will not be so construed as to enable an owner of stock who *willfully* turns his cattle upon a railroad track to recover for injuries to them, there is no room for the imputation of negligence from the fact that the cattle are at large with his consent.—2 Sherman & Redfield on Negligence, § 452. The abandonment of the pursuit of the oxen, was no more than consent for them to run at large; and that they might run at large, was the legal right of the plaintiff; and it has been too often decided, now to be doubted, that it is not contributory negligence.—3 Brick. Dig., 726, §§ 117—19.

Let the judgment be affirmed.