(103 So. 713)

**BUGG v. MITCHELL. (6 Div. 369.)**

(Court of Appeals of Alabama. April 7, 1925.)

**1. Railroads ☞439(1) — Allegation held to show injury to horse was proximate consequence of railroad's negligence.**

In action for killing of horse when released from trestle, allegation, that defendant's agents while acting within scope of their employment negligently caused horse to fall from trestle, and as a proximate consequence thereof was killed, when taken in connection with averment that horse was killed as a proximate consequence of defendant's negligence, *held* sufficient to show that injury was proximate consequence of railroad's negligence.

**2. Pleading ☞30—Pleadings not required to be in form of grammatical niceties.**

Law does not require pleadings to be in form of grammatical niceties.

**3. Negligence ☞111(3) — Complaint alleging negligence proximately caused injury is sufficient.**

Complaint which on reasonable construction alleges that defendant's negligence proximately caused or contributed to cause of injury complained of, or that injury directly resulted from such negligence, is sufficient.

**4. Negligence ☞111(1)—Averment in general terms sufficient.**

Duty to exercise care being shown, plaintiff was not required to set out in detail specific acts constituting negligence; it being sufficient to aver negligence in general terms.

**5. Railroads ☞439(8)—Pleas in action for killing horse held insufficient.**

In action for killing of horse when released from trestle by railroad employees, defendant's pleas failing to negative alleged negligence, or to show that horse was not killed as a proximate consequence thereof, or that reasonable care was exercised by employees in attempting to extricate horse, *held* not to present a defense.

**6. Railroads ☞424—Owner not negligent in allowing animal to go on trestle.**

Owner was not contributorily negligent in allowing his horse to go on railroad trestle and failing to remove him or attempting to remove him.

**7. Animals ☞52 — Common-law liability of owner for straying animals not law in Alabama.**

Doctrine of common law that owner of domestic animals is contributorily negligent in allowing them to stray on property of another is not law in Alabama.

**8. Railroads ☞446(2)—Negligence in extricating horse from trestle held for jury.**

In action for killing of horse when released from trestle by railroad employees, whether they were negligent in attempting to extricate horse from trestle *held* for jury.

**9. Railroads ☞414—Ordinary care required in extricating animal from trestle.**

Railroad employees, in attempting to extricate animals from railroad bridges or trestles, must exercise ordinary care, not to injure such animals, and for failure to do so railroad is liable in damages for any injury suffered by them.

**10. Trial ☞139(1)—Affirmative charge properly refused, where evidence sufficient to make a question for jury.**

Affirmative charge is properly refused, where evidence is sufficient to make a question for jury.

**11. Evidence ☞119(1)—Facts held admissible as part of res gestæ.**

In action for killing of plaintiff's horse when released from trestle by railroad employees, place where horse was buried, condition of embankment near trestle, and general condition of locus in quo were admissible as part of res gestæ.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 79 So. 160.

**12. Evidence ☞119(1) — Facts attendant on main fact in issue may be shown as part of res gestæ.**

Facts or circumstances attendant on main fact in issue may be shown as part of res gestæ, although they involve no idea of action.

**13. Railroads ☞442(1)—Admission of testimony cattle grazed where horse was killed held prejudicial error.**

In action for killing of horse when released from trestle by railroad employees, admission of testimony that cattle and horses were grazing around place where horse was killed at most any time was prejudicial error, since it was irrelevant and immaterial to any issue.

**14. Trial ☞240 — Refusal of argumentative charges is not error.**

Refusal of argumentative charges is not error.

**15. Railroads ☞414—Railroad liable for simple negligence in extricating animal from trestle.**

In action for killing of horse when released from trestle, railroad would be liable if negligence of its employees proximately caused injuries, whether they were produced willfully or only as result of simple negligence.

**16. Railroads ☞447(1)—Charge on negligence in extricating horse from trestle held properly refused.**

In action for killing of horse when released from trestle, charge, that if, after railroad employees pried horse loose, he thereafter threw himself off trestle and killed himself railroad would not be liable, *held* properly refused, since it did not hypothesize freedom from fault by railroad's employees, and, as framed, jumping from trestle might not constitute an intervening cause of horse's death. ʻ

**17. Trial ☞248—Refusal of abstract charges is not error.**

Refusal of abstract charges is not error.

**18. Railroads ☞414—Liability for negligence in extricating horse from trestle not affected by animal's right to be on trestle.**

In action for killing of horse when released from trestle by railroad employees, right of horse to be on trestle did not affect liability of railroad for negligence.

**19. Railroads ☞447(1) — Charge on owner's right to recover for killing horse extricated from trestle held misleading.**

Charge, that where owner of a horse permits it to stray on a railroad trestle, and to thereby ʻbecome injured without fault of railroad, railroad would not be liable, *held* properly refused as misleading, since it precluded fault of railroad employees extricating animal.

**20. Railroads ☞447(2)—Charge as to liability for killing horse extricated from trestle properly refused as inapplicable.**

In action for loss of plaintiff's horse killed by falling off trestle when released therefrom by railroad's employees, charge, that unless horse got on trestle as proximate consequence of employees' negligence in scope of employment plaintiff could not recover, was properly refused as incorrect statement of law as applied to facts.

**21. Trial ☞260(1)—Refusal of charge substantially covered by given charges is not error.**

Refusal of charge substantially covered by given charges is not error.

**22. Trial ☞120(1) — Counsel's statement in argument held erroneous as unsupported by evidence, and not in accordance with law of case.**

In action for killing of plaintiff's horse when released from railroad trestle by railroad employees, counsel's statement in argument, that jury might not have right to be on trestle like a man, but that a horse had a right to be there, *held* erroneous, where it was wholly unsupported by evidence, and was not in keeping with law governing case.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

Action for damages by Alex. Mitchell against B. L. Bugg, as receiver of the Atlanta, Birmingham & Atlantic Railway Company, for the killing of a horse. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Counts 1 and 3 of the complaint are as follows:

"(1) Plaintiff claims of the defendant the sum of $500 as damages for that heretofore on, to wit, April 19, 1921, the defendant was engaged in the operation and control of a railway at or near Parkwood in Jefferson county, Ala., and over which it operated locomotives or cars. And plaintiff says that, on the date aforesaid and at said place, the defendant operated its locomotives over a trestle or bridge a short height over a creek or other narrow body of water; that on said date and at said place plaintiff's horse became fastened in said trestle or was otherwise upon said trestle, and the defendant through its agents or servants, while acting within the line and scope of their employment, negligently caused said horse to fall from said trestle, and as a proximate consequence thereof was killed, to the plaintiff's damage to the amount aforesaid."

"(3) Plaintiff claims of the defendant the further sum of $500 as damages, for that heretofore on, to wit, the 19th day of April, 1921, the defendant was engaged in the operation and control of a railway over which it operated locomotives and cars over its tracks and trestle at or near Parkwood, in Jefferson county, Ala. And plaintiff says that on the date aforesaid and at the place aforesaid his horse, while grazing through the woods near by, went upon defendant's track, and while attempting to cross defendant's said trestle, and while upon said trestle, became entangled therein; that said trestle was left open and unguarded, and on account of the places near by affording attractive grazing places for animals, and the open and unguarded trestle, all of which was known to the defendant, it became an attractive place for animals or horses to go upon and wander, and,

on account of such attractiveness, plaintiff's horse was caused to go upon said trestle; that defendant's agents, servants, or employees, while acting within the line and scope of their employment, negligently caused plaintiff's said horse to fall therefrom, and as a proximate consequence of said fall, was killed, hence this suit."

Pleas 3, 4, and 6 are as follows:

"(3) Defendant for further plea and answer to each count of the complaint separately and severally says that plaintiff's horse without fault on the part of defendant's agents or servants went upon a long trestle, over Shades creek, belonging to the defendant, and was out on said trestle a considerable distance from the end when said horse got its hind feet between the ties on said trestle, and defendant says that upon the approach of one of its trains the train crew discovered said animal down in said trestle and attempted to extricate said horse from its then dangerous position, but said horse became frightened, and in an attempt to get out of said trestle it jumped over the side into the creek below, a distance of some 30 feet, and as a proximate consequence thereof received injuries from which it died.

"(4) The defendant for further plea and answer to the complaint and to each count thereof separately and severally says that the plaintiff ought not to recover thereunder, for that plaintiff's horse, on the occasion complained of, without fault on defendant's part, went upon and was at a point on defendant's trestle where the trestle was high, and defendant's agents or servants undertook in a reasonable way to remove said horse from said trestle, and in so doing when the horse, which had its hind leg or legs down between the ties, was loosed from said condition by defendant's agents or servants, the said horse through excitement jumped or threw itself off of said trestle a long distance to the ground, thereby killing himself."

"(6) The plaintiff ought not to recover thereunder, for that the horse in question was on defendant's railroad track and on a trestle thereon, so that said horse constituted an obstruction of traffic on said railroad over said trestle, and that defendant 'had the right to resort to reasonable means to remove said horse from said track on said trestle in order to remove said obstruction to traffic over said railroad, and that, in a reasonable manner and effort, the defendant's agents were acting in a reasonable endeavor to remove said horse as an obstruction from said track, and while they were so doing said horse became excited and as a proximate result of said excitement said horse jumped or threw itself off of said trestle and killed itself."

The following charges were refused to defendant:

"(3) If you find that the horse in question was fastened in the trestle on the occasion complained of without fault on the part of the defendant or its agents, then I charge you that you cannot find for the plaintiff, unless you find that the agents or servants of the defendant on that occasion were guilty of willful or wanton conduct which proximately resulted in the death of the horse in question.

"(4) The court charges the jury that the plaintiff cannot recover in this case for any act less than willful, malicious, or wanton conduct.

"(5) If you find from the evidence in this case that the horse in question was fastened in defendant's trestle and that defendant's agents prized said horse up or lifted him and thereby loosed him and he thereafter or thereupon jumped off of said trestle or by his own force threw himself off of said trestle and killed himself, then you must find for the defendant.

"(6) The plaintiff cannot recover in this case on any act of the defendant's agents less than positive misconduct on the part of such agents or servants."

"(8) The court charges the jury that the only duty resting on defendant after plaintiff's horse became in a perilous position on defendant's bridge without fault on the part of defendant's agents or servants was to not wantonly injure said animal."

"(15) Where the owner of a horse permits the horse to run at large and stray upon a railroad trestle and become injured or killed, without fault on the part of the operator of the railroad, then the loss sustained must be borne by the owner of the horse, and not by the operator of the railroad."

"(17) The court charges the jury that, unless you are reasonably satisfied by the evidence that plaintiff's horse got into defendant's trestle as a proximate consequence of the negligence of defendant's agents or servants while acting in the line and scope of their employment, you cannot find for the plaintiff."

Huey & Welch, of Bessemer, for appellant.

Counts 1 and 3 were subject to demurrer. Va.-Car. Chem. Co. v. Mayson, 7 Ala. App. 588, 62 So. 253; L. & N. v. Miller, 209 Ala. 378, 96 So. 322; Crowley v. West End, 149 Ala. 613, 43 So. 359, 10 L. R. A. (N. S.) 801; B. R., L. & P. Co. v. Nicholas, 181 Ala. 491, 61 So. 361; B. E. & B. v. Wilson, 14 Ala. App. 235, 69 So. 312; 10 Michie's Ala. Dig. 574, 991; 14 Michie, 568, 654. Demurrers to defendant's pleas were erroneously sustained. Stump v. C. & G. W., 84 Ill. App. 28; Wilhite v. Speakman, 79 Ala. 400; Gould v. Reed, 34 Idaho, 618, 203 P. 284; 3 C. J. 134, 151. The court erred in refusing defendant's requested charges. N. A. Ry. v. Foster, 200 Ala. 621, 76 So. 979; A. B. & A. v. Ballard, 203 Ala. 220, 82 So. 470; M. & C. v. Lyon, 62 Ala. 71; Crowley v. West End, supra. Evidence that cattle were accustomed to graze near the trestle was erroneously admitted. M. & C. v. Lyon, supra. Refusal to exclude objectionable remarks by plaintiff's counsel in argument was prejudicial error. Moody v. A. G. S., 99 Ala. 553, 13 So. 233; Jackson v. Robinson, 93 Ala. 157, 9 So. 391; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Hines v. Paden, 204 Ala. 592, 87 So. 88; Simon v. Still, 206 Ala. 253, 89 So. 713; B. P. D. & P. v. Trimm, 207 Ala. 587, 93 So. 533.

Perry, Mims & Green, of Bessemer, for appellee.

Defendant's servants owed the duty of using ordinary care and diligence in remov-

ing the horse from the trestle, and for failure therein defendant is liable, whether injury was produced willfully or negligently. 33 Cyc. 1213; 2 Thompson on Negl. § 2118; M. & C. v. Lyon, 62 Ala. 71; Ft. Wayne v. O'Keefe, 4 Ind. App. 249, 30 N. E. 916; Penna. Co. v. Lindley, 2 Ind. App. 111, 28 N. E. 106; St. L. & S. F. v. Douglass, 152 Ala. 202, 44 So. 677.

RICE, J. Appellee brought this action on account of the death of a horse belonging to him, which he alleged was negligently killed by defendant's (appellant's) agents or servants while acting within the line and scope of their employment.

The facts, briefly stated, are as follows: About April 19, 1921, the defendant was operating a railroad which spanned Big Shades creek between Parkwood and Bessemer, Ala., by means of a trestle, which was from 30 to 40 feet high and between 80 and 100 feet long. The horse of plaintiff strayed from plaintiff's premises onto the trestle, stepped into one or more of the spaces between the cross-ties of the trestle, and became fastened there in such a manner that it evidently could not extricate itself. One of defendant's trains was coming from the direction of Parkwood when some of the crew thereon discovered the horse, and the train was stopped. The engineer, the conductor, and three brakemen went down to the trestle where the horse was and attempted to remove it from the trestle. The horse went over to the ground below and was killed.

Evidence for the plaintiff tended to show that the defendant's agents or servants, in attempting to extricate the horse, and remove it from the trestle, rolled it off the trestle; that planks or poles were used by the trainmen and the horse prized out of its position and rolled directly off over the side of the trestle.

Evidence for the defendant tended to show that due care was observed by the trainmen in their attempt to remove the horse, but that the horse, as soon as it was, and immediately upon being, released from its position, jumped from the trestle and was killed by its own independent act.

The plaintiff's complaint contained 10 counts, all of which were eliminated during the trial of the case except counts 1 and 3. Defendant's demurrers were overruled as to each of said counts, and those rulings of the trial court are the first urged upon us as error by the appellant.

The demurrers in each instance raised the propositions that said counts did not state that the injury or death of the horse was the proximate consequence of the negligence of defendant, or its agents or servants, and further that the averments of negligence were conclusions of the pleader merely, in that the facts that constituted such alleged negligence were not set forth.

[1-3] In count 1 of the complaint, the averment is made that the horse was killed as a proximate consequence of the defendant's negligence. In count 3 it is alleged that "defendant's agents, servants, or employees, while acting within the line and scope of their employment, negligently caused plaintiff's said horse to fall therefrom, and as a proximate consequence of said fall, was killed, etc." We think this allegation is sufficient to show that the injury was the proximate consequence of the negligence complained of. The law does not require pleadings to be in the form of grammatical niceties, and when the complaint, upon a reasonable construction, alleges that the negligence of defendant proximately caused or contributed to cause the injury complained of, or that the injury directly resulted from such negligence, it is sufficient. Curry v. So. Ry. Co., 148 Ala. 57, 42 So. 447; West. Ry. Co. v. Lazarus, 88 Ala. 453, 6 So. 877.

[4] Neither was it necessary for plaintiff to have set forth the facts constituting the alleged negligence. In an action for negligence, the duty to exercise due care being shown, it is not necessary that plaintiff set out in detail the specific acts constituting the negligence, as this would be pleading the evidence, it being sufficient, under such conditions, to aver negligence in general terms. So. Ry. Co. v. Hoge, 141 Ala. 351, 37 So. 439; Choate v. So. Ry. Co., 119 Ala. 611, 24 So. 373; Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 So. 349.

[5] Special pleas 3, 4, and 6 fail to state any defense to plaintiff's complaint, if, indeed, any such matter therein attempted to be stated could not have been proved under the plea of the general issue which was interposed. Each of said special pleas mentioned failed to negative the alleged negligence set up in the complaint; each failed to show that the horse was not killed as a proximate consequence of such negligence; and each failed to show that reasonable care and diligence was exercised by the defendant's agents or servants in their attempt to extricate the horse. There was no error in sustaining the demurrers to each of the pleas mentioned.

[6, 7] Special plea 5 attempted to charge the plaintiff with contributory negligence in allowing his horse to go on the trestle and failing to remove him or attempt to remove him. The doctrine of the ancient common law, that the owner of domestic animals is guilty of contributory negligence by allowing them to stray upon the property of another, is not the law in this state. The demurrers to plea 5 were properly sustained. L. & N. Ry. Co. v. Williams, 105 Ala. 379, 16 So. 795; Alabama, etc., Ry. Co. v. Jones, 71 Ala. 487.

[8-10] The evidence as above narrated was, under our decisions, sufficient, no doubt, to be submitted to the jury on the question

of the negligence upon the part of defendant's servants or agents, alleged to have caused the death of the horse. A railroad company's servants or agents, in the attempt to extricate animals from their bridges or trestles, owe their owners the duty to use ordinary care and diligence not to injure them, and, if they fail to exercise such ordinary care and diligence, the railway company is liable in damages for any injury suffered by them. The affirmative charge in favor of defendant as to counts 1 and 3 was therefore properly refused. 33 Cyc. p. 1213; Memphis & C. R. R. Co. v. Lyon, 62 Ala. 71; St. Louis & S. F. R. R. Co. v. Douglass, 152 Ala. 202, 44 So. 677.

[11, 12] The place where the horse was buried, the condition of the embankment near the trestle, and the general condition of the locus in quo were admissible in evidence as a part of the res gestæ. Facts or circumstances attendant upon the main fact in issue may be shown as part of the res gestæ, although they involve no idea of action. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Alabama City, etc., Ry. Co. v. Sampley, 169 Ala. 372, 53 So. 142.

[13] Sam Brown, a witness for the plaintiff, was asked on direct examination whether he had seen cattle graze around that point (the point where plaintiff's horse was killed). He replied that you could find cattle and horses grazing around there most any time. The questions calling for this testimony were properly objected to and exceptions duly reserved. It was entirely irrelevant and immaterial to any issue in the case, and its admission was prejudicial error.

[14] Charges 2, 7, and 12 requested by defendant were each clearly argumentative, and were each properly refused.

[15] Charges 3, 4, 6, and 8 refused to defendant were each based upon a misconception of the law governing this case. The defendant would be liable, if the negligence of his servants or agents proximately caused plaintiff's injuries, whether the said injuries were produced willfully or only as the result of simple negligence. Authorities supra.

[16] Charge 5 was properly refused. The same does not hypothesize freedom from fault on the part of the defendant's agents or servants, and, as framed, the jumping from the trestle of the horse, mentioned in said charge, might not constitute an efficient intervening cause of its death.

[17, 18] Charges 13 and 14 were abstract. There was no evidence that plaintiff kept his horse on defendant's trestle, and the question of the right of plaintiff's horse to be on the trestle does not affect the liability of the defendant.

[19] Charge 15 is misleading, in that it precludes fault of defendant's agents, servants, or employees, and was therefore properly refused.

Charge 16 was properly refused, in that the belief of the jury was not predicated upon the evidence.

[20] Charge 17 is an incorrect statement of the law as applied to the facts in the case.

[21] Charge 18 refused was substantially covered by charges 9, 18, and 19, given at request of defendant.

[22] During the argument to the jury, counsel for the plaintiff made the following statement:

"You might not have the right to be on there like a man, but that horse had a right to be there."

The statement was objected to, and a motion to exclude it was made; both the objection and motion being overruled by the court. The statement was wholly unsupported by the evidence, and was not in keeping with the law governing such cases. The trial court was in error in refusing to exclude this statement from the consideration of the jury. Moody v. A. G. S. R. R. Co., 99 Ala. 553, 13 So. 233; Jackson v. Robinson, 93 Ala. 157, 9 So. 391; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387.

The action of the trial court in overruling defendant's motion for a new trial is not argued as error to an extent that causes us to feel that it is proper to here give consideration to it. And then, too, perhaps on another trial the evidence may be different.

For the errors indicated, the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.