## HARRIS vs. BELL ET AL.

[TROVER FOR CONVERSION OF A SLAVE.]

1. *Distinction between positive and negative testimony.*—Where one witness swears that, in a certain conversation, he heard a party use particular language, while another, who was present at the same time, testifies that he did not hear it, the law gives more weight to the positive than to the negative testi-

mony; but this principle does not apply, where one witness testifies that the conversation had reference to a particular slave in controversy, while the other testifies that it did not relate to her, but to another slave, and each swears that he heard and remembers the whole conversation.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. B. W. HUNTINGTON.

THIS action was brought by the appellant, Norfleet T. Harris, against John W. Bell and Robert J. Allison, to recover damages for the conversion of a slave, named Mary, who, with her husband, was hired by plaintiff to one Maury, for the year 1852. Maury re-hired the slaves to Allison, for himself and Bell, and the woman died in Allison's possession before the expiration of the year. It is unnecessary to notice the several points presented by the bill of exceptions, since the judgment of the court below is here reversed, on account of an erroneous charge, which, with the facts on which it was predicated, will be readily understood from the opinion.

ROBERT H. SMITH, for the appellant.

JOHN F. VARY, contra.

RICE, J.—One witness testified, that on a specified occasion, he heard the plaintiff say, he had told the woman Mary (the slave in controversy in this suit) to go back to Bell's, and stay there as long as Bell treated her well, and if he mistreated her, to come to him; and that he was certain the conversation applied to the woman. Another witness testified, that he was present on the same occasion, and remembered the whole conversation; and that plaintiff said, he had told the negro man (who was not in controversy in this suit) to go back to Allison's and stay as long as he was treated well, and if misused, to return to him; and that he was certain the conversation related to the man, and that no such conversation took place in reference to the woman.

In relation to the testimony of these two witnesses, the court charged the jury as follows: "When a witness swears affirmatively that he heard a party use certain language in a conversation, and another witness, present at the time, swears he did not hear it, or *that it was not used,* other things being

equal, the law gives the more weight to the affirmative testimony."

This charge must be construed in connection with the testimony, to which alone it could be applied.—Berry v. Hardman, 12 Ala. R. 604. And if, when thus construed, it is erroneous, it is ground of reversal.—Carey v. Hughes, 17 Ala. R. 388.

The principle laid down in the authorities, in relation to the superiority of positive testimony to that which is negative, has no application to the testimony of the two witnesses hereinabove set forth. That principle would be applicable, if one had sworn that he heard the plaintiff, in the particular conversation, use the language in reference to Mary, and the other had sworn merely that he was present, but did not hear any language as to Mary.—1 Starkie on Ev. 516, 517. But the latter witness, instead of swearing merely that he did not hear any such language as to Mary, swears that he remembered the whole conversation, and that no such conversation took place in reference to Mary. Although his evidence is of a negative nature, yet the authorities show, that such evidence, under particular circumstances, may not only be equal, but superior, to positive evidence. His evidence cannot be reconciled with that of the other witness, without violence and constraint. And it was an error in the court below to give à charge which necessarily induced the jury to believe that—"other things being equal"—"the law" gave more weight to the testimony of the witness which the court called "affirmative", than it did to the testimony of the other witness, which, although negative in its nature, was positive. When the testimony of two witnesses is such as above set forth, "the law" does not give a preference to the testimony of either witness, "other things being equal."—1 Starkie on Ev. 517, 518.

There are cases, where the evidence on both sides is precisely balanced. In such a case, no conclusion can be attained. Where the testimony is precisely balanced upon a single fact, then it is important to ascertain, whether the burden of proving that fact is on the plaintiff, or on the defendant; for the party on whom the burden of proving it rests,

must lose the benefit of it, if the testimony in relation to it is precisely balanced.—Lindsey v. Perry, 1 Ala. R. 203.

The other questions presented by the record may not arise on another trial, and we shall not now decide them. For the error in the charge above set forth, the judgment is reversed, and the cause remanded.