[Jackson v. Robinson.]

# Jackson *v.* Robinson.

### *Action on Common Counts.*

| 93 | 157 |
|---|---|
| 96 | 127 |
| 96 | 531 |
| 97 | 581 |
| 93 | 157 |
| 100 | 47 |
| 101 | 51 |
| 101 | 266 |
| 93 | 157 |
| 105 | 71 |

1. *Argument of counsel to jury.*—The argument of counsel to the jury should be confined to the evidence before them, and to the legitimate inferences to be drawn from that evidence; and when counsel transcend this limit, and appeal to the experience of the jury as to outside facts, the court should interfere on objection made, and the failure to do so is a reversible error.

2. *Misleading charges, as to sufficiency of proof.*—Where the defendant seeks, under the pleas of set-off and recoupment, to establish a claim to damages or losses sustained by the unskillful and careless sawing of his timber by plaintiff, a charge instructing the jury that they can not allow the claim, unless the evidence shows the loss or damage on account of each particular grade of the lumber, tends to mislead and confuse the jury, and is properly refused.

3. *Argumentative charges*—as, that the jury "may look to" this fact, or "may consider it as a circumstance," in determining a disputed question—should be refused, as a rule; but giving such a charge is not a reversible error, when in its postulate it asserts nothing that is in principle illegal.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by W. A. Jackson against James O. Robinson, and was commenced in a justice's court on November 21st, 1888. The cause of action does not appear on the summons issued by the justice, as copied in the record; but, in the transcript sent up by him to the Circuit Court, he states that the action was "in a matter of debt by open account for $80.96, with interest from the 16th November, 1888;" and the transcript further states that the defendant *confessed judgment* for that sum, with costs, and appealed to the Circuit Court. The complaint filed in the Circuit Court contained only the common counts; and the pleas were, payment, set-off and recoupment, the latter plea claiming $283.50 damages on account of lumber sawn by plaintiff for defendant.

The bill of exceptions sets out all the evidence introduced on the trial, but it is not necessary to state it. The plaintiff requested the following charges in writing, and duly excepted to their refusal: (1.) "In estimating the damages claimed by the defendant, the jury can not look to any thing save the evidence in the cause, and the burden is upon him to show what his damages are; and if the evidence shows that the lumber was sawed into pieces two inches thick, one and a half

inches, one and a quarter inches, and one inch, it must further show the damage or loss on each of the said grades of lumber." (2.) "In estimating the damages claimed by the defendant, the jury can not look to any thing save the evidence in the cause; and if the evidence shows that the lumber was sawed into plank two inches thick," &c., as in the first charge, "and there was a loss in each of said grades, differing in value or amount, then the evidence must further show the loss or damage on each of the said grades." The plaintiff also excepted to the following charge, which was given by the court on request of the defendant; "If the jury belive from the evidence that the lumber measured on the yard about 81,000 feet, and then, when the same lumber is put on the market, it only measures about 58,000 feet, this is a circumstance to which the jury may look in determining what amount is due to the defendant, or what the loss in lumber was."

The charge given, the refusal of the charges asked, and other matters, are assigned as error.

J. B. ASHLEY, and R. W. CLOPTON, for appellant.

BROWN & KIRK, contra.

STONE, C. J.—There was a cross demand set up in this case by pleas of set-off and recoupment. The jury by their verdict found and certified a balance in favor of the defendant, and he had judgment for such balance. The plaintiff below is the appellant here. The defense set up by Robinson was, that he had timber sawn into lumber at the mill of Jackson, the plaintiff, at a specified rate per thousand feet, and that the sawing was done so negligently and unskillfully as to damage him to the extent he claimed a set-off. This was the issue before the jury, raised by the testimony.

In discussing the testimony, counsel for Robinson stated to the jury, as follows: "Your experience is that you do well if you come out even, after you give your timber." This was objected to by opposite counsel, and the court was asked to interfere. This was declined, and an exception was reserved. The remark could have no pertinency, unless it referred to some transaction other than the one on trial, in which it was charged or reported that a mill-man, sawing timber into lumber for another, had so performed the service as that it yielded no profit to the owner of the timber. This was an unauthorized allusion to a supposed outside fact of which there was no proof, and of which no proof could lawfully be made. It could have no influence except to prejudice the jury, by

[Jackson v. Robinson.].

withdrawing their minds and attention from the testimony
before them, to outside matters of which there was and could
be no testimony. The objection ought to have been sustained,
the remark of counsel ruled to be improper, and the jury in-
structed to allow it no influence in their deliberations. Juries
are required by their oaths to base their verdicts on the testi-
mony before them, and the convictions it produces on their
minds.—*Cross v. State*, 68 Ala. 476; *E. T., Va. & Ga. R.
R. Co. v. Bayliss*, 75 Ala. 466; *Harsh v. Heflin*, 76 Ala. 499;
*Com. Fire Ins. Co. v. Allen*, 80 Ala. 571; 1 Amer. & Eng.
Ency. of Law, 949.

It is not our intention to interdict legitimate comment on
testimony and conduct developed on the trial, the manner of
witnesses, or any reasonable or possible inference that may be
drawn from any feature or phase of the case, as it is presented
before the jury. Our precise meaning is, that matters of
which there is no testimony, or of which there can be no legal
testimony, should not be allowed to get before the jury as
facts or factors in their deliberations, or in the verdict it is
their duty to render.

Charges 1 and 2 asked by plaintiff, if given, would have
required the jury not only to find the amount of damage suf-
fered by defendant from imperfect sawing, but to go further
and ascertain the damage or·loss in each of the grades of
lumber involved in the investigation. These charges were, to
some extent, confusing, and were likely to embarrass and mis-
lead the jury. It is conceivable that twelve men would be
reasonably convinced and agreed as to the aggregate amount
of damage done the defendant, and yet find great difficulty in
determining how that damage should be apportioned among
the several grades of lumber. These charges were rightly
refused.—3 Brick. Dig. 113, § 110.

The charge given at the instance of defendant is but an ar-
gument to the jury, and such charges should, as a rule, be re-
fused. When, however, such charge in its postulates asserts
nothing that is in principle illegal, it furnishes no ground for
a reversal.

Reversed and remanded.