# Steed *v.* Knowles.

*Ejectment.*

1. *Waiver of demurrer.*—Where the record fails to show any ruling by the court on demurrers, and shows that the case was tried on issue joined on the pleadings, it will be presumed on appeal that the demurrant waived his right to have his demurrers passed on by the lower court.

2. *Plea to amendment of complaint.*—Where a plea of not guilty is filed to a complaint in ejectment, and the plaintiff afterwards amends by adding the description of another tract of land to that sued for, and the record shows no additional plea, but that the case was tried on issue joined, it will be presumed on appeal, that such plea was made applicable to all the lands sued for in the amended complaint.

3. *Struck jury, when the panel is deficient.*—When a struck jury is demanded, and it is found that some of the jurors are disqualified for cause, the court may, of its own motion, excuse them and supply their place by talesmen, before requiring the parties to select the jury.

4. *Testimony of absent witness.*—The evidence of an absent witness, as to which an admission is made by the opposite party in order to obtain a trial, will not be excluded when the facts set forth in the application are legal testimony.

5. *Possession of lands a fact, not a conclusion*—The possession or actual occupancy of lands is a fact to which a witness may testify.

6 *Secondary evidence.*—Testimony that a witness saw a receipt signed, is inadmissible, the receipt itself being the best evidence, but a witness may testify to the payment of money.

7. *Admissions by married woman by deed.*—In an action of ejectment for a half interest in a tract of land against a married woman who claims the whole by adverse possession, an instrument signed by her but not by her husband, purporting to convey a part of the tract to a third party, is admissible for the purpose of showing a declaration against her interest.

8. *Same.*—A mortgage made by the plaintiff and her husband, properly acknowledged, reciting that the land claimed by her belonged to herself and a third party, is admissible in evidence on the same principle.

9. *Declaration of ownership*—The declaration of a person in possession of land, made in good faith. asserting title or ownership in an another, are admissible in evidence, in an issue of disputed ownership.

10. *Tax assessment as evidence.*—After it is shown that lands to which title is claimed by adverse possession were assessed during a part of the time to the defendant and another with the assent of the former, the books of assessment are competent evidence as an admission against interest.

[Steed v. Knowles.]

11. *Immaterial plea.*—In an action of ejectment against a married woman, a plea of coverture by her is immaterial, but when the record shows that such plea was filed as an answer to the claim for only a part of the land sued for, a charge instructing the jury to find for her for the whole land sued for, is properly refused.

12. *Charges of court*—Charges which unduly emphasize any particular facts, or the testimony of any particular witness tending to obscure other material evidence, are properly refused.

13. *Same.*—Charges which assume as proved a fact in dispute and charges which are argumentative, are properly refused.

14. *Legal title sufficient in ejectment.*—A mere agreement to sell lands subsequently cancelled, the legal title remaining in the plaintiff will not bar recovery in ejectment.

15. *Testimony equally balanced.*—While it is true that if the testimony as to a fact necessary to maintain the plaintiff's right of recovery is equally balanced, he can not recover; yet, where presumptions from proven facts authorize a recovery, the burden is on the defendant to overcome the presumptions against him by counter evidence.

APPEAL from Clay Circuit Court.

Tried before Hon. LEROY F. BOX.

This is the second appeal in this case. See 84 Ala. 205.

Ejectment by J. M. Knowles, against A. M. Steed, and wife. The husband filed a plea disclaiming ownership but admitting that he and his wife, who was the owner, were in possession. The wife plead the general issue and also plead specially adverse possession with color of title for ten years. The plaintiff offered in evidence a showing as to what Thomas Bonner would swear if present, which had been admitted by defendant subject to legal objections. Said Bonner testified that his father was the owner and in possession of the land sued for and *on Jan. 12th, 1869, he saw A. M. Steed pay his father six hundred dollars for a half interest in the land and mill; and saw his father sign a receipt for the money and give it to Steed, and in August, 1877, his father and the defendants were jointly in possession of said land.* On objection by defendants, plaintiff was permitted to strike out the word "jointly," from said testimony and the defendants again admitted the witness would swear as set forth in the showing, but objected on the grounds that the evidence was illegal, and the statement of a conclusion. These objections were made separately to each paragraph of the showing italicized, which objections were overruled. A deed signed by Thomas Bonner and Susan E. Steed, the wife, but not signed by her husband, conveying forty acres of the tract originally purchased, was admitted in evidence, against the objections of defendant. A mortgage dated May 29th, 1888, executed by the defendants describing the property sued for as a "One-half interest in the mill known as the

Steed & Bonner Old Mill, and more recently as the Steed and Gaston Mill, situated on land belonging to Susan E. Steed and D. A. Gaston," was read in evidence against the objection of defendants, the court stating at the time, that it was not admitted as a muniment of title, but as an admission against interest. There was testimony that defendants paid Bonner six hundred dollars which belonged to the wife, for the land sued for, and a half interest in the mill, and went into possession, but never received any deed, that defendants placed tenants on the land in 1869, and 1870, and in March, 1871, moved on the land and had continuous adverse possession ever since, but the plaintiff testified that Gaston paid plaintiff rent for the land for one year. There was evidence that Bonner, while in possession of the land from 1869 to 1877, stated that Mrs. Steed owned the land, and there was evidence tending to show that A. M. Steed paid plaintiff rent for a half interest in the land for one year, but Steed denied that the payment was for rent, but stated that it was for a credit on a debt secured by mortgage. The tax assessor's books for three years were introduced in evidence, and showed that the taxes on the lands were assessed jointly one year to Steed and Bonner, and another year to Steed and Gaston, and that Mrs. Steed was present on one occasion when the assessment was made. The other testimony is sufficiently set forth in the opinion. Exceptions were taken to the refusal of the court to give the following charges: (1.) "If the jury believe the evidence they must find for the defendant, Susan E. Steed." (2.) "If the jury believe the evidence they must find for the defendants." (3.) "If you believe from all the evidence that Steed and wife remained in possession of all the lands sued for, and half the mill, from 1871 to the time of land sale from Bonner to Knowles, and that Bonner made no claim to any of the rents of said land, but did claim and receive his toll at the mill, you can look at this, in connection with all the other evidence, in coming to a conclusion as to whether Bonner claimed any interest in lands." (4.) "The burden of proof in this case is on the plaintiff, and he must reasonably satisfy your minds that he is entitled to recover under the rules of law as given you by the court; and if he fails to do this he can not recover." (5.) "If the testimony in this case in support of both the plaintiff's and defendant's theory is equally balanced, your verdict must be for the defendants." (6.) "In determining whether or not Bonner sold the whole of said lands, or only one-half interest, the jury can look to the statements shown by the evidence in this case, of Thomas

[Steed v. Knowles.]

Bonner prior to his sale to Knowles, in connection with all the evidence; and if you find from the evidence that Thomas Bonner repeatedly said that he had sold all of said land except the mill to Steed or to his wife, Susan E. Steed, and that he had nothing to do with them, you can give to such statements such credit and weight as you think they are entitled to, under all the evidence." (7.) "In determining whether or not Gaston cultivated a portion of said land in his own right, or as tenant of John W. Knowles, or as tenant of Susan E. Steed, you can look to what Gaston said to Mrs. Steed, if he said anything, when she notified him that he must pay the rent to her if he cultivated any of said land, if you believe she so notified him." (8.) "If the jury believe from all the evidence that Steed and wife's adverse possession was continuous, open, and notorious from the time the evidence shows you they went into possession of all the lands sued for and the entire interest therein, except the mill, till Gaston cultivated a part of said land, then the entry of Gaston on said lands for the cultivation would not break that adverse possession, unless Steed and wife, or one of them, consented to his entry in his own right, or as the tenant of plaintiff." (9.) "The fact that Susan E. Steed joined in the mortgage with her husband conveying the mills and machinery to Knowles, and describing the same as located on the land belonging to Steed and Gaston, does not break the continuity of her possession, unless she intended thereby to recognize Gaston's ownership of the lands outside of the land covered by said mill and machinery; and as to whether or not she so recognized Gaston's claim you can look to the fact, if you believe it to be a fact proven in this case, that about this time Susan E. Steed was notifying Gaston that he would have to pay her rent on said lands if he cultivated them." (10.) "The fact, if you believe it to be a fact proven in this case, that Susan E. Steed, about the time she signed the mortgage in 1878, was claiming rent of Gaston, may be looked to in determining whether or not she was recognizing Gaston as having any interest in said lands outside of the mill and the land on which said mill was located." (11.) "The court charges the jury that if the jury believe from the evidence that Knowles sold Gaston an undivided one-half interest in the land sued for in 1877 or 1878, that then the jury must find for the defendants." (12.) "The payment or nonpayment of taxes is no evidence of a claim or the absence of a claim to land, nor is the assessment of taxes by Steed evidence against Mrs. Steed; and the jury must not consider any act, declaration, or admission of Steed, not in the pres-

ence of Mrs. Steed, against Mrs. Steed, in any way or for any purpose."

KELLY & SMITH, for appellant, contended the deed was inadmissible, citing *Alexander v. Saulsbury*, 37 Ala. 375; *Alford v. Lehman*, 76 Ala. 528; *Miller v. Marx*, 55 Ala. 322; that statements of Bonner as to title were incompetent, *Worrall v. Pamelee*, 40 Am. Dec 350; *Misters v. Vomers*, 50 *Ib*. 114; *Maxwell v. Harrison*, 52 *Ib*. 385; *Little v. Allison*, 52 *Ib*. 393. As to the fourth charge.— *Timberlake v. Brewer*, 59 Ala. 108; 1 Brick. Dig. 868, 919; as to fifth charge, *Lindsay v. Perry*, 1 Ala. 203; *Jarrell v. Lillie*, 40 Ala. 27.

COLEMAN, J.—The suit was in ejectment commenced in December, 1882, by appellee against Alexander M. Steed and his wife, Susan E. Steed. In November, 1883, the defendants filed separate pleas to the original complaint. The record shows that at the July term, 1884, the plaintiff by leave of the court assigned "*additional* grounds of demurrer to the pleas of defendant." There are no other assignments of cause of demurrer in the record, and the record fails to show any ruling of the court upon the demurrer or causes of demurrer to defendant's plea.

At the April term, 1889, the plaintiff amended his complaint by adding to the lands sued for, the N. E. 1-4 of the S. E. 1-4 of Section four, of Township twenty, Range seven.

The record fails to show that the defendants pleaded to the amended complaint. The judgment entry recites, "Come the parties in person and by attorneys and upon issue being joined, come a jury," &c. When the pleadings are in this condition this court will presume on appeal that plaintiff waived his right to have his demurrer to defendant's pleas passed upon by the court.—*Marcy v. Howard*, 91 Ala. 137. It will be further presumed that as to the land sued for in the original complaint, issue was joined upon the pleas filed to the original complaint, and as to the forty additional acres sued for in the complaint as amended "issue" was joined upon the general issue of "not guilty."—*Odum v. Rutledge & Julian R: R. Co.*, 94 Ala. 488. s. c. 10 So. Rep. 222; *May v. Sharp*, 49 Ala. 140; *Hatchett v. Moulton*, 76 Ala. 410; *Petty v. Dill*, 53 Ala. 645.

The plaintiff demanded a struck jury. Thereupon the court inquired of the twenty-four jurors from whom the struck jury was to be empannelled, if any were related to either party, or were witnesses in the case, or had served as a juror in the case at a former trial, and four of the jurors

37-97.

having answered affirmatively, they were excused by the court *ex mero motu*, and four others were summoned in their place. This is assigned as error. The exception is without merit. Neither party, because a struck jury is demanded by one of the parties, is subjected to the peril of having a juror to try his case who is disqualified to sit as a juror, and it was entirely proper for the court to ascertain if any were disqualified before the parties were required to strike from the list such as were deemed objectionable.—*Dollhard v. Denson*, 72 Ala. 543; *Davis v. Hunter*, 7 Ala. 137. The defendant admitted, subject to legal objection, for the purpose of a trial, that an absent witness would testify to certain facts which were reduced to writing. When offered in evidence by plaintiff, the defendant interposed an objection to a portion of the written statement. The court permitted the plaintiff to amend the statement against the objection of the defendant, but gave the defendant the right to consent or object to its admission as amended. Without waiving his objection to the allowance of the amendment, the defendant consented to the admission of the statement as amended. The objection was trivial. The court did not require the defendant to proceed with the trial upon the amended showing. Its admission was still optional with him.

Possession of land is a fact to which a witness may testify, and not strictly a conclusion of law, as insisted upon by counsel for appellant.—*Eagle & Phœnix Manfg. Co. v. Gibson*, 62 Ala. 372. A witness testifying in regard to possession as a fact, is subject to cross-examination, and the character of the possession, its extent, or whether there was in fact any possession, may be fully investigated. A party who voluntarily deprives himself of the right to cross-examine a witness by admitting that an absent witness would testify to a fact, legal in itself, can not afterwards complain. It was competent for the witness to testify, as a fact, that he "saw the defendant Steed pay his father $600.00 for a half interest in the land and a half interest in the mill."

The objection to the following statement in the admission was well taken. "I saw my father sign a receipt for the money and give it to Steed." The receipt itself was the best evidence that it was a receipt for the money. If plaintiffs had notified the defendants to produce the receipt as required in such cases, their failure to do so would have justified parol proof of its contents.

The difference between the two principles consists in this: The payment of the money was a fact testified to indepen-

dent of the receipt, and which was capable of parol proof. *Wiggins v. Pryor,* 3 Por. 43); *P. & M. Bank v. Willis,* 5 Ala. 770; *Johnson v. Cunningham,* 1 Ala. 249; *Hogan v. Reynolds,* 8 Ala. 59. But when the witness went further and stated that he saw a receipt for the money signed, he undertook to give the contents of the receipt, and the receipt itself was the better evidence.

The witness Pruitt testified that he purchased forty acres of the mill land for one hundred and thirty-five dollars, that the contract was made with Thos. Bonner, Sr., and A. M. Steed, husband of Susan E. Steed, and that he paid Thos. Bonner seventy-five dollars of the purchase-money and Susan E. Steed sixty dollars.

The plaintiffs then introduced a deed in evidence executed by Thos. Bonner and Susan E. Steed, conveying the forty acres to Pruitt. The husband, A. M. Steed, did not join in the execution of this deed with his wife. The forty acres sold to Pruitt is not involved in this suit, and the deed was not introduced as we understand its purpose, to show that it was a sufficient instrument to convey Mrs. Steed's interest. Mrs. Steed claimed the whole tract under one and the same purchase from her father, Thos. Bonner, Sr., and set up in her defense adverse possession of the whole tract. Any admission by her during the time that plaintiffs asserted title made in disparagement of her own title, is legal evidence against her.—1 Brickell, p. 834, § 433. And her admission that Thomas Bonner, Sr., owned a half interest in the land, and was in possession of it, would be legal evidence against her. The instrument, though not effective as a legal conveyance or muniment of title because of the failure of the husband to join her in its execution (*Callen v. Rottenbery,* 76 Ala. 173; *Garrett v. Lehman, Durr & Co.,* 61 Ala. 394), nevertheless fully recognizes and admitted the interest of Thomas Bonner, Sr., in the land, and tended to show that she only claimed a half interest in the land. Proof of her voluntary signature to the instrument would be sufficient to let in the recitals in the instrument against her as her admission. It must be kept in mind that defendant had no written title to the land from her father. Her claim was that she went into possession under a purchase from him, having paid all the purchase-money, and that she held adverse possession for more than ten years. These were the grounds of contention. The grounds of objection to this testimony were not specified, and for this further reason might have been overruled.

What we have said in regard to the deed applies to the

mortgage. The mortgage made by her and her husband was duly acknowledged before a proper officer. The mortgage recites that Susan Steed and one Gaston (who at that time had purchased plaintiff's interest) owned the land. It says the "Steed and Gaston mill" "situated on land belonging to Susan E. Steed and D. A. Gaston."

It may be that as a mortgage it was inoperative to convey the wife's half interest, but as an admission that Gaston owned a half interest in the land, it was unequivocal and solemnly made in writing. A verbal statement to that effect, or a letter written by her, upon proof of her signature, would be admissible evidence against her, and an instrument signed and solemnly acknowledged and the signature not denied, can not be less effective as an admission that Gaston was the owner of an interest in the land.

Declarations of a party in possession of land, declaratory of the character in which he holds or claims made in good faith are admissible in evidence, in an issue of disputed ownership, no matter who may be the parties to the litigation.—*Daffron v. Crump*, 69 Ala. 79; *Jones v. Pelham*, 84 Ala. 210; *Humes v. O'Bryan*, 74 Ala. 64; *Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 250.

Under these principles of law the declarations of the witness Treadwell were properly admitted. In the years 1876 and 1877 the lands were assessed by A. M. Steed as belonging to Steed & Bonner, and in 1878 Gaston & Steed each gave in the one-half interest in the lands for taxes. We think these assessments competent evidence against A. M. Steed as an admission, or a recognition on his part, that Bonner claimed and owned an interest in the lands during the years 1876 and 1877, and in 1878 that Gaston, who claimed as a sub-vendee of Bonner, owned a half interest in the lands. The objection of each of the defendants was general, and the court was not requested to limit the admission to A. M. Steed. As to forty acres of the land as we have seen only the general issue can be considered as having been pleaded. We find no error in the ruling of the court sustaining objections to the testimony of Susan E. Steed as to transactions with Thos. Bonner, Sr., deceased, in his lifetime.—Code, 2675.

We have often held that if issue was joined upon an immaterial plea the defendant had the right to introduce evidence in support of it, and to ask instruction upon the evidence.—*Cresent Brewing Co. v. Handley*, 90 Ala. 486; *Mudge v. Treat*, 57 Ala. 1; *Allison v. Little*, 93 Ala. 150; 90 Ala. 1; 89 Ala. 625. One of the defective pleas in this case filed in

[Steed v. Knowles.]

answer to the original complaint and upon which issue was joined was the coverture of Susan E. Steed. This plea, although it was without merit, was fully sustained by the proof, and if the court had been requested to charge the jury to find for the defendant as to the one hundred and sixty acres sued for in the original complaint to which this insufficient plea was filed, it should have been given, but sustaining this plea by proof did not justify the charge as to the whole land sued for as shown by the amended complaint, to which this plea was never filed. There was no error therefore in refusing the general charges Nos. 1 and 2 requested by the defendants. The court is not required to give a charge which unduly singles out and emphasizes the testimony of any particular witness or any particular facts, and which tends to obscure and minimize other material evidence bearing on the same question, and a charge is argumentative in its character which directs the jury to look to certain facts as tending towards certain conclusions.—*Bell v. Kendall*, 93 Ala. 489; *Ala. Gr. So. R. R. Co. v. Sellers*, 93 Ala. 9; *Jackson v. Robinson*, 93 Ala. 157; *Ala. Gr. So. R. R. Co. v. Hill*, 93 Ala. 516; *Eastis v. Montgomery, Ib.* 293. A charge argumentative or misleading, should be refused, but if given, and it asserts a correct proposition of law and not entirely abstract and its misleading tendencies might have been remedied by an explanatory charge, the giving of it, will not work a reversal.—*Schaungut v. Udel*, 93 Ala. 303; *Eastis v. Montgomery, supra.*

Charges Nos. 3, 6, 7, 8, 9, 10, are subject to one or the other of these defects. Charge 8, is further objectionable as assuming that defendants were in open, adverse possession of all the land prior to the time Gaston cultivated a part of the land. Charge 9 also involves an invasion of the province of the jury. Charge No. 11, is erroneous as a proposition of law and is misleading.

Plaintiff may have at one time contracted to sell and actually sold the land to Gaston, but not having made him a deed, if the sale was cancelled subsequently, the legal title remaining in plaintiff, the mere agreement to sell or sale would not prevent the maintenance of the suit, in ejectment. Defendants in no way undertook to connect their title to an outstanding title in Gaston. Charge No. 12 was properly refused. There is no evidence in the record of the payment or non-payment of taxes and so far as predicated upon this hypothesis, the charge was abstract. The law itself constitutes the husband as the agent of the wife, when living together as husband and wife, to list her property for assess-

[Steed v. Knowles.]

ment for taxation.—Code of 1876, § 313; Code of 1886, §477. So far as the assessment may be regarded as evidence at all for any purpose when made by the husband for the wife, and in her name, *prima facie* it has the same effect, as if made in regard to his own property. Listing her property wrongfully in his own name or in that of another would not conclude her from asserting and proving her title, but the charge as framed, is too broad.

In addition there is some evidence tending to show that the assessments, sometimes were made by the husband in the dwelling where they both lived, and when the wife was at home and about the house. We do not perceive upon what grounds the court refused to give charge No. 4. It simply requests the court to charge the jury that the burden of proof was upon the plaintiff to reasonably satisfy the jury that he was entitled to recover under the rules of law, declared by the court. In ejectment the plaintiff depends upon the strength of his own title to recover and not upon the weakness of that of his adversary, and in all cases where affirmative proof is necessary to authorize a recovery, the burden rests upon the plaintiff to make the proof.

Charge No. 5, as applicable to the evidence did not assert a correct principle of law, and was also misleading. It is true that when plaintiff is required to reasonably satisfy the jury of the existence of a fact, to entitle him to recover, and the testimony is evenly balanced or in equilibrium he has failed to make out his case and the verdict must be against him.—*Vandeventer v. Ford*, 60 Ala. 615; *Lindsay v. Perry*, 1 Ala. 204; *Harris v. Bell*, 27 Ala. 522. But the charge ought not to be given where presumptions of law, from proven facts authorize plaintiff to recover, and the burden is on defendant by counter evidence to overcome the presumptions against him. Here the plaintiff and defendant both claim title from Thos. Bonner, Sr., the plaintiff by deeds of conveyance—the defendant held no paper title, but claimed under a parol purchase, possession, and the payment of the purchase-money, and an adverse possession of ten years under the parol purchase. To overcome the legal title of plaintiff thus acquired, the burden was on defendant to establish her defense. The evidence in support of and against the theory of the defendant in such a case may be equally balanced and yet plaintiff might be entitled to a verdict. The opinion covers all the assignments of error.

Reversed and remanded.