# Dunmore *v.* The State.

### *Indictment for Burglary.*

1. *Trial and its incidents ; argument of counsel.*—On a trial under an indictment for burglary of a storehouse, where there was testimony as to the burglary and entering, but there was no evidence that anything had been stolen, a statement by the prosecuting attorney in his argument to the jury that three witnesses who had testified on behalf of the defendant "had gotten part of the stolen goods," is not within the latitude of legitimate discussion the law gives to counsel, and being prejudicial to the defendant the allowance by the court of such remarks, and the refusal to exclude them after being made, is reversible error.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. JOHN H. SHEFFEY, Special Judge.

The appellant, Stephen Dunmore, was indicted, tried and convicted for burglary. The facts pertaining to the only ruling of the trial court which is reviewed on the present appeal, are sufficiently stated in the opinion.

SHELBY & PLEASANTS, for appellant.—There was absolutely no evidence to show either that any goods had been stolen, or to connect the witnesses for the defendant in any way with any stolen goods, and the failure of the court to exclude the statement thus unsupported by evidence was error.—*Coleman v. State*, 87 Ala. 14 ; *Com. Fire Ins. Co. v. Allen*, 80 Ala. 571 ; *Cross v. State*, 68 Ala. 484.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—While the prosecutor and Rice testified to the breaking and entry of the storehouse, and the circumstances may have justified the inference that in the breaking and entry the defendant had the intent to steal, there is not a scintilla of evidence that anything was stolen. The discovery of the defendant on his entry of the house, the alarm given by Rice, the immediate

flight of the defendant, negative all just, or rational in-ference, that there was a consummated larceny. And yet, in the concluding argument to the jury, against the objection of the defendant, the solicitor was permitted to state that three witnesses, who had testified on behalf of defendant, "had gotten part of the stolen goods." On the suggestion of the court, the solicitor said this was his inference from the evidence. Counsel may not in argument to the jury, state as matter of fact, that of which there is no evidence. Such statement is not within the latitude of ·discussion, the law accords to counsel, and is in itself of evil tendency. Changing the form of the statement into an assertion that it was in-ferential does not relieve it from impropriety. There is not a fact to be found in the evidence from which the inference could be deduced. When there is a fact in evidence, counsel may urge before the jury the consid-eration of any inference, however weak or remote, which may arise from it—but the fact is the principal, the in-ference is the incident, and ·without ·the fact can not have existence.—*Cross v. State*, 68 Ala. 476. The error of the court in this regard, compels a reversal of the judgment, without a consideration of the other questions, which will scarcely arise on any future trial.

Let the judgment be reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.