# Johnston Bros. Co. *v.* Brentley.

## *Breach of Contract.*

(Decided Nov. 16, 1911.   56 South. 742.)

1. *Master and Servant; Wrongful Discharge; Evidence; Custom.* —Where the action was for breach of contract of employment as milliner for the spring season, consisting of four months, and it appeared that the defendant had employed plaintiff during previous years, evidence as to the custom of the parties in the prior years as to the terms of employment was relevant.

2. *Same; Contract of Employment.*—A contract to render personal services as a milliner for the spring season of four months need not be writting in order to be actionable if breached.

3. *Same; Implied Contract.*—A contract of employment for the season as milliner need not be expressed but may be implied from the established custom or course of dealing between the parties.

4. *Same; Instructions.*—Where the action was for breach of contract to employ plaintiff as a milliner for the season, a charge asserting that it was for the jury to determine from all the evidence whether the plaintiff had performed her part of the contract, and that such fact could not be determined arbitrarily by the defendant, embodied a correct proposition of law, and was properly given if supported by the facts.

5. *Same.*—In an action for breach of contract for employment, charges asserting that the case was to be decided upon the evidence and not what was contained in the pleadings, and that the pleas were not evidence, and if the contract of employment was one of employment by the month or if plaintiff breached it the verdict should be for the defendant, was so worded as to authorize the court in refusing it.

[Johnston Bros. Co. v. Brentley.]

6. *Appeal and Error; Harmless Error; Argument of Counsel.*—The failure upon request to prevent counsel from making statements outside the record as to material facts is reversible error, and it cannot be said that the argument objected to in this case was not materially prejudicial to the rights of the defendant, and hence it was not harmless.

7. *Same; Exceptions; Sufficiency.*—Where it is recited in the bills of exceptions that plaintiff's counsel read defendant's pleas to the jury and referred in argument to their inconsistency, as stated and immediately following the statement and argument, recited that the defendant reserved exceptions to the refusal of the court to exclude said argument and said statement, such exceptions sufficiently raised for review the action of the court in refusing to exclude the argument and statement as to the pleas.

8. *Same; Reservation of Grounds; Misleading Instructions.*—An appellant cannot complain on appeal of the giving of misleading charges, unless explanatory charges are requested and refused.

9. *Trial; Argument of Counsel; Without the Record.*—Where the evidence did not tend to show such facts, it was improper for plaintiff's counsel, in his closing argument, to read the defendant's pleas to the jury, calling their attention to the different dates on which they were filed, stating that he could see the president of the defendant company, who was its principal witness, in the office of his counsel, telling what his defenses were and the stenographer taking down the statement, and at subsequent times stating a different defense to his counsel.

10. *Same; Objections; Time.*—An objection to a question, not made until after the question was answered, came too late to put the court in error in overruling objection to the question.

11. *Charge of Court; Misleading.*—A charge asserting that if the jury was unable to harmonize the testimony of the plaintiff and defendant, and was unable to say who was telling the truth as to the contract, they should not find for the plaintiff, was properly refused as misleading; it was also properly refused in that it was an attempt to charge on the weight of evidence, and was erroneous because plaintiff would not be precluded from recovering under the circumstances hypothesized.

12. *Same; Argumentative.*—A trial court will not be put in error for refusing a charge argumentative in its tendencies, and based on only a part of the testimony, especially when not a succinct statement of legal principles.

13. *Same.*—Where the action was for breach of contract of employment as a milliner charges requested by the defendant company asserting that if said company was not to pay plaintiff for her alleged services while in New York, the jury could not find that defendant owed plaintiff for such services, and if plaintiff was employed by the month defendant did not breach the contract by discharging her at the end of the month; also asserting that though it was customary in the city where defendant's business was, during the spring when plaintiff was employed, for milliners to be employed by the season, and not by the month, yet the burden was on the plaintiff to satisfy the jury that she was hired by the season, and they could not look to the custom alone in determining whether she

was hired by the season or month and if the evidence on the question was evenly balanced, the jury should find for the defendant, were properly refused as argumentative.

APPEAL from Anniston City Court.

Heard before Hon. THOS. W. COLEMAN, JR.

Action by Ruby Bentley against the Johnston Bros. Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts sufficiently appear in the opinion of the court. The following charges were given for appellee: (1) "The court charges the jury that it was for the jury to determine from all the evidence whether the plaintiff performed the contract upon her part, and that it could not be determined arbitrarily by the defendant or George Johnston." (2) "The court charges the jury that, to enable the plaintiff to recover, it is not necessary for her to show that she had an express contract for the full season. The contract may have been implied from the established custom, or from the course of dealing between the plaintiff and defendant." The following charges were requsted by and refused to the defendant: (2) "If the jury are unable to harmonize the testimony of the plaintiff and the defendant, and the jury is unable to say who is telling the truth about the said contract, then the jury should not find for the plaintiff." (3) "If it was within the discretion of George Johnston to determine that it was necessary for the plaintiff to work overtime and he so requested her to work overtime and if it was her duty to work overtime when necessary under her contract, and she refused to do so without good excuse, then she breached her contract, and your verdict should be for the defendant, even though the said George Johnston may have been mistaken, and it was not really necessary to have worked overtime for the plaintiff to have properly

done her work." (4) "The court charges the jury that if the plaintiff made no charge against the defendant, and the defendant was not to pay her for her alleged service while in New York City, then the jury could not find that the defendant owes the plaintiff anything for such services, and it would be no part of the contract of employment between the plaintiff and the defendant. If the plaintiff was employed by the month, then in discharging her at the end of the month of April, 1909, the defendant did not breach its contract with her." (5) "The court charges you, gentlemen of the jury, that, even though you may be reasonably satisfied from the evidence that it was customary in Anniston during the millinery season of the spring of 1909 for milliners to be employed for the season, and not by the month, the burden would still be upon the plaintiff to satisfy the jury that she was hired by the season, and the jury could not look to the custom alone in determining whether she was hired by the season or by the month, and, if the evidence as to whether the plaintiff was hired by the season or the month is evenly balanced, then your verdict should be for the defendant." (6) "The court charges the jury that the case is to be decided upon the evidence, and not what is contained in the pleadings on file in this case." (7) "The court charges the jury that the pleas are not evidence in the case, and your verdict should be based on the evidence only, and if the contract was one of employment by the month, or if the plaintiff breached the contract, then your verdict should be for the defendant."

TATE & WALKER, for appellant. Counsel discuss the pleading and insist that the demurrers should be sustained, but cite no authority in support thereof. They also discuss assignments of error relative to the admis-

sion and exclusion of evidence, but without citation of authority. They insist that charge 5 should have been given and cite *Barlow v. Lambert,* 28 Ala. 709; *Goddard, v. Garner,* 109 Ala. 98. Counsel also discuss other charges refused but without citation of authority. They insist that the court erred in declining to exclude from the jury the closing remarks of plaintiff's counsel relative to the pleas and the misstatement of defense by the president of the defendant company, and cite *Cross v. The State,* 68 Ala. 476; *Wolf v. Minnis,* 74 Ala. 386; *E. T. V. & G. R. R. Co. v. Hayless,* 75 Ala. 476; *Lane v. The State,* 85 Ala. 11; *Griffin v. The State,* 90 Ala. 596; *Jackson v. Robinson,* 93 Ala. 157; *Davis v. Alexander City,* 137 Ala. 206; *Tannehill v. The State,* 159 Ala. 51. Counsel also cite numerous authorities from other jurisdictions.

KNOX, ACKER, DIXON & BLACKMON, for appellee. Counsel discuss assignments of error relative to the pleading and evidence, but without citation of authority. They insist that the second charge given for the plaintiff was the statement of a well established principle of law—a contract need not be expressed, but may be implied from custom, or from the course of dealing between the parties—and in support thereof cite *Green v. Southern States Lumber Co.,* 163 Ala. 576; *Tennessee Co. v. Williamson,* 51 So. 141; *Whaley v. Schloss-Sheffield,* 51 So. 419. Counsel insist that the charges requested by the defendant were either misleading, argumentative, or fully covered by the charges given. They insist that the court was not in error in declining to exclude from the jury the remarks of counsel objected to and cite 2 Enc. Pd. & Pr. 730.

PELHAM, J.—It was the contention of appellee, who instituted the suit in the court below, seeking to recover wages of the appellant as an employee, that she had been employed by appellant as a milliner for the spring season of 1909, and the principal controversy involved in this case is based on this contention and appellant's denial of such employment; its contention being, on the other hand, that appellee was hired only by the month, and from month to month, as her services were needed and might prove satisfactory to appellant.

The "spring season," having reference to the millinery trade, according to the evidence introduced by appellee on the trial, embraced the months of March, April, May, and June, and her services were dispensed with by the appellant on the 1st day of May, 1909, whereupon the appellee instituted suit to recover for a breach of the alleged contract of employment, and for certain work and labor done incident to the employment. The evidence introduced on the trial showed that appellant had employed the appellee during years previous to 1909, the year in controversy, and the customs prevailing with reference to prior employments became pertinent matters of inquiry, and involved in the issues, as bearing on the period or extent of employment during the year in dispute. The contract of employment was entered into between appellant, acting through its president and general manager, George Johnston, and appellee in person, and upon the testimony of these two witnesses, whose evidence upon the the trial was in sharp conflict, necessarily depended the finding of the jury; for all the principal facts relied upon, relating to the contract of hire, by each of the parties were only known by and testified to by these two witnesses. There was a verdict and judgment for appellee, from which this appeal is prosecuted.

Of the 20 assignments of error, but one has any merit, and that is the assignment going to the objection and motion to exclude, made by appellant's counsel to a part of the closing argument of opposing counsel on the trial. It was improper for appellee's counsel, in his closing argument to the jury, to read the pleas filed by defendant, setting up its different defenses, and call attention to the different dates of their filing, and to state in the argument, in connection with reading the pleas, that he (counsel) could see the president of the defendant in the law office of his counsel, telling what his defense was, and the stenographer of counsel for defendant taking down the statement, and at a subsequent time, as shown by the allegations in a plea subsequently filed, defendant's president had stated a different defense to his counsel. The bill of exceptions purports to set out all the testimony in the case, and there is nothing in the evidence to support this argument of counsel that the defendant's president had stated the different defenses to defendant's counsel, and that they had been taken down by a stenographer and formed the basis of the allegations set up by the pleas first filed, and that at a subsequent time he had made a different statement of facts that were incorporated in pleas subsequently filed. And to read the pleas coupled with such an argument was calculated to unfairly prejudice the minds of the jury against the witness Johnston, who was the president and general manager of the appellant, and its principal witness, upon whose testimony appellant must rely to sustain its contention in the trial of the case. The argument charged contradictory statements in reference to the facts and implied bad faith upon the part of the defendant's representative and principal witness, which there was no evidence to sustain. The design and tendency of the assertion evidently was to in-

duce the jury to look unfavorably upon and discredit the testimony of this witness, and was naturally calculated to exert an influence on the minds of the jury and materially impair the weight of Johnston's testimony. The argument clearly implied, if it did not directly state, that this witness, who was defendant's president, had made different and contradictory statements of the facts which had been made the basis of the pleas framed by counsel, setting up the different defenses and filed on separate dates, when the evidence entirely fails to show that the witness Johnston had made any statement of the facts upon which the pleas were framed; non constat, they may have been prepared without any knowledge on the part of this witness of their contents, or even of the fact of preparing or framing them at all. Such a statement of substantive fact, unsupported by the evidence, exceeded the limitation of legitimate argument, and, as it had reference to a material inquiry involved in the trial of the case, should have been excluded by the trial judge on appellant's motion. It was "an unauthorized allusion to a supposed outside fact, of which there was no proof, and of which no proof could lawfully be made. It could have no influence, except to prejudice the jury by withdrawing their minds and attention from the testimony before them to outside matters, of which there was and could be no testimony."—*Jackson v. Robinson*, 93 Ala. 157, 9 South. 391.

Counsel in argument to the jury, as reported in the case of *Taft v. Fiske*, 140 Mass. 250, 5 N. E. 621, 54 Am. Rep. 459, read an amended pleading filed subsequently to the original plea relied upon, and called attention to the fact that the matters set up by the amendment were not relied upon in the first instance, and referred to the amended pleas as a "put-up" defense, and the

court held the reading of pleas to the jury, coupled with such argument, so grossly erroneous as to warrant a reversal of the case.

It is well settled in this state that the trial court should, upon request, restrain counsel within the limits of legitimate argument, and that when the statement is of a fact pertinent to the issue, unsupported by the evidence, and having a natural tendency to influence the finding of the jury, a failure to do so authorizes a reversal of the case.—*Cross v. State,* 68 Ala. 476; *Wolffe v. Minnis,* 74 Ala. 386; *E. T., V. & G. Ry. Co. v. Bayliss,* 75 Ala. 496; *L. & N. R. R. Co. v. Orr,* 91 Ala. 548, 8 South. 360; *Jackson v. Robinson,* 93 Ala. 157, 9 South. 391; *Dollar v. State,* 99 Ala. 236, 13 South. 575; *Florence C. & I. Co. v. Field,* 104 Ala. 471, 16 South. 538; *Dunmore v. State,* 115 Ala. 69, 22 South. 541; *Tannehill v. State,* 159 Ala. 51, 48 South. 662.

It seems to us that for plaintiff's counsel to read to the jury the pleading prepared by opposing counsel, setting up the separate and different defenses, in a closing argument, where there is no opportunity for reply or explanation, and link with it an argument that is unsupported by the evidence, to the effect that the different statements contained in the pleas were made by the principal witness and officer of the defendant at different times to counsel who prepared them, and call attention to the separate dates of filing in substantiation of the argument, is exceeding the limitations of legitimate argument, and that it had a natural tendency to unfairly influence or prejudice the minds of the jury; and the trial court was in error in refusing, when this was called to its attention, to correct counsel, exclude the argument, and give proper instructions to the jury. We cannot say that the defendant's rights were not materially prejudiced, or that that fairness which

should characterize the trial of a case was not destroyed by the improper remarks of counsel; and the unauthorized, naturally prejudicial statements of counsel in the closing argument that transcended the bounds of legitimate argument, must work a reversal of the case.

The contention of appellee's counsel that the objection made and exception reserved are not sufficiently definite to be available, as referable to the objectionable part of the argument, is not well taken. A fair and reasonable construction of the language contained in the bill of exceptions properly presents the proposition as above treated for review here. The exception reserved, as shown by the record, is to the court's refusal to exclude "said argument and said statement" immediately following and having necessary reference to the argument and statement of counsel in connection with reading the pleas.

The other assignments of error, as we have said, do not disclose any reversible error, and it is unnecessary to treat them in deetail; but, as the case must be reversed for the error pointed out and discussed, as a guidance to the court upon another trial we discuss them generally.

The contract sued upon was not required to be in writing to be actionable, and the proper construction of averments in the complaint would show that it was a verbal contract that was declared upon.

There was no error committed by the court in the various rulings on the evidence. Some of the answers to the questions objected to are shown to have resulted in no injury to the appellant; some of the objections are shown to have been made after the question had been answered, and came too late to put the court in error; nor as we have said, are any of the objections to the rulings of the trial court on the evidence well taken,

and, besides, they are not of a nature likely to occur upon another trial, and a discussion of them is unnecessary.

The two written charges given at the request of the appellee assert correct propositions of law, as applicable to the facts adduced upon the trial, and there was no error committed by the court in giving them. If they were deemed misleading, it was incumbent upon the appellant to ask explanatory charges.

Charge 2 requested by the appellant and refused by the court was calculated to mislead, and is otherwise incorrect, in that the plaintiff was not precluded from a recovery upon the hypothesis state.

Charge 3 requsted by the appellant and refused was fully covered by the charges set out in the record as given at the request of the appellant. Besides, it is one of those charges that the court may or may not, in its discretion, give without being put in error. It singles out part of the testimony, and bases an argument on it, and is not a clear and succinct statement of a legal principle.

Charges 4 and 5 requsted by the appellant were correctly refused for the same reasons as set out by us for sustaining the court's ruling as to charge No. 3. The correct legal principles that are smothered up in the arguments on the evidence set out in these charges are covered in other charges given at the request of the appellant.

Charges 6 and 7 requsted by the appellant and refused by the court are so worded that the court cannot be put in error for having refused them; but, as we have already discussed the objection reserved to the argument of counsel, and held it to be error for which the case must be reversed, it is unnecessary for us to refer further to the proposition contained in these charges.

Reversed and remanded.