# Roden *v.* The State.

### *Violating Prohibition Law.*

(Decided Feb. 8, 1912.  58 South. 72.)

1. *Trial; Argument of Counsel.*—Where the evidence showed that the place of sale was about a half mile from the courthouse, and that at the time of the sale the defendant was engaged in building a house, it justifies the argument of the solicitor that the defendant was building a house in the shadow of the courthouse, and persistently violating the law.

2. *Same.*—Where objection is made to improper argument and is overruled, a reversal will follow, such as a statement by the solicitor that the defendant would sell liquor to the boys of the county as it was not supported by the evidence.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Pick Roden was convicted of violating the prohibition law and he appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. The argument of the solicitor was not warranted by the facts, was prejudicial and the court erred in not sustaining objections thereto.—*Childers v. State,* 86 Ala. 87; *Coleman v. State,* 87 Ala. 17.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court was not in error in declining to exclude the remarks of the solicitor.—*Cross v. The State,* 68 Ala. 476; *Mitchell v. The State,* 114 Ala. 1; *Barden v. State,* 143 Ala. 174. The argument here falls within the influence of the rule declared in *Dunmore v. State,* 115 Ala. 69.

PELHAM, J.—The defendant was tried and convicted of violating the prohibition laws. During the argu-

[Roden v. The State.]

ment of the case to the jury the solicitor made the following statements: (1) "The defendant builds a house in the shadow of the courthouse and persistently violates the law." (2) "The defendant would sell liquor to the boys" (meaning the boys of the county). To each of these statements, made by the solicitor in the course of his argument to the jury, the defendant separately objected, and excepted to the court's action in overruling the objection and permitting the argument to remain with the jury.

There was evidence to support the first statement, for it was shown by the testimony that the defendant was engaged in building a house at the time of the sale testified to by the state's witness, and the place of sale (the defendant's store) was shown to be about one-half mile from the courthouse.

The second statement, however, is entirely unsupported by the evidence, and was an unauthorized allusion to a supposed outside fact having reference to a material inquiry involved in the case on trial and calculated to prejudice the minds of the jury against the defendant's case. "It is well settled in this state that the trial court should, upon request, restrain counsel within the limits of legitimate argument, and that when the statement is of a fact pertinent to the issue, unsupported by the evidence, and having a natural tendency to influence the finding of the jury, a failure to do so authorizes a reversal of the case."—*Johnson v. Bentley*, 2 Ala. App. 281, 56 South. 742; *Cross v. State*, 68 Ala. 476; *Wolffe v. Minnis*, 74 Ala. 386; *E. T. V. & G. Ry. Co. v. Bayliss*, 75 Ala. 466; *L. & N. R. R. Co. v. Orr*. 91 Ala. 548, 8 South. 360; *Jackson v. Robinson*, 93 Ala. 157, 9 South. 391; *Dollar v. State*, 99 Ala. 236, 13 South. 575; *Florence C. & L. Co. v. Field*, 104 Ala. 471, 16 South. 538; *Dunmore v. State*, 115 Ala. 69;

22 South. 541; *Tannehill v. State,* 159 Ala. 51, 48 South. 662.

For the error pointed out and discussed, the case must be reversed.

Reversed and remanded.