# Faulk *v.* The State.

(Decided June 13, 1912.   Rehearing denied July 11, 1912.
59 South. 225.)

## *Violating Prohibition Law.*

1. *Trial; Argument of Counsel.*—Where the evidence showed, that within six months before the indictment, the defendant sold prohibited liquors, and that he left the county during the week of the sitting of the grand jury that returned the indictment, and did not come back until after court had adjourned, it was not improper for the prosecuting attorney to argue that the defendant's counsel wanted the jury to return a verdict of not guilty, so that defendant might illegally sell whiskey six months more by again doing as the evidence showed him to have previously done.

2. *Witnesses; Impeachment. Predicate.*—To impeach a witness by showing contradictory statements, the predicate laid must fix the time and place of such statements.

3. *Charge of Court; Conformity to Evidence.*—Where the evidence showed that a witness stated that on one occasion he bought the liquor from another and not from the deefndant, it was proper to refuse a charge asserting that the jury should acquit, if they believe from the evidence that such witness made a number of statements that he did not purchase the liquor from the defendant, but from another.

4. *Same; Misleading.*—Charges are properly refused where they are misleading or where they do not embody correct legal propositions applicable to the evidence.

APPEAL from Henry Circuit Court.

Heard before Hon. MIKE SOLLIE.

Grady Faulk was convicted of violating the prohibition laws, and he appeals. Affirmed.

The language objected to, used by the solicitor in his closing argument, is as follows: "Mr. Lee wants you to return a verdict of not guilty, so that the defendant may be licensed in the illegal sale of whisky for six

12 CA

months more, and the defendant laid off from court, waiting for the court to pass, that he might return and have six months more to engage in the illegal sale of whisky."

W. L. LEE, for appellant. The remarks of the solicitor were improper and should have been excluded.— *Jordan v. Alston,* 161 Ala. 585; *Morris Hotel Co. v. Henly,* 145 Ala. 52; *E. T. V. & G. v. Bayliss,* 75 Ala. 466; *Cross v. The State,* 68 Ala. 476. The written charges requested should have been given.—*Churchwell v. The State,* 117 Ala. 124; *Williams v. The State,* 144 Ala. 19; *Searight v. The State,* 160 Ala. 33.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no objection to the argument.—*Childers v. The State,* 86 Ala. 77. The charges were properly refused.—*Prater v. The State,* 107 Ala. 28.

DE GRAFFENRIED, J.—The defendant was convicted of a violation of the prohibition laws, and appeals.

1. The evidence tended to show that within six months before the finding of the indictment the defendant sold prohibited liquors; that he left the county during the first week of the court at which the indictment was found and did not return to his home until two weeks after the adjournment of the court. The defendant, it appears from the evidence, was arrested upon his return to his home. The above being the condition of the evidence, the court was free from error in refusing to exclude from the jury those parts of the solicitor's argument to which the defendant objected. The argument of the solicitor did not involve the statement of a

fact, but was a mere expression of opinion or argument as an inference to be drawn from the testimony.— *Treadwell v. State,* 168 Ala. 96, 53 South. 290; *Peel v. State,* 144 Ala. 125, 39 South. 251; *Johnston Bros. Co. v. Bentley,* 2 Ala. App. 281, 56 South. 742.

2. The only witness for the state was one Lee Fletcher, who testified that he bought the liquor from the defendant, and that one Jess Ward was present. On his cross-examination, in answer to questions put to him by the defendant, the witness testified that "he did not tell Albert Kirkland and others at Watson's bridge, when the grand jury was in session, and when Jess Ward came out there to see him, that he bought the liquor from Jess Ward and did not buy any from Grady Faulk." The above evidence was, of course, adduced for the purpose of impeaching the witness. Two witnesses, Albert Kirkland and Eph Oates, testified that they heard the witness Fletcher say that he purchased the liquor from Jess Ward, and not the defendant. The predicate for the impeachment of the witness was laid at Watson's bridge; while the witness Kirkland fixes the place of the conversation at Watson's mill, and the witness Eph Oates at Ward's mill. These witnesses were evidently referring to the same statement, made by the witness Fletcher at the same place. In other words, they were evidently referring to *one* statement made in the presence of *both* at the same time, and at a place referred to indiscriminately in the testimony as Watson's bridge, Watson's mill, and Ward's mill. Otherwise the testimony of the witnesses Kirkland and Oates was illegal. To impeach a witness by showing that such witness has made contradictory statements as to material matters, the time and place of such contradictory statements must be fixed when the predicate is laid. If this is not

done, there can be no contradiction.—*Dority v. State,* 5 Ala. App. __, 59 South. 317.

As, therefore, the defendant had testimony tending to show that the witness Fletcher on *one* occasion stated that he bought the liquor from Ward, and not the defendant, the trial court properly refused to give to the jury the following written charge at the defendant's request: "The court charges the jury that, if they believe from the evidence that Lee Fletcher made a *number* of statements that he did not purchase the liquor from the defendant, but from Jess Ward, then they are authorized to disregard the testimony of Lee Fletcher and acquit the defendant." The evidence fails to show that the witness made a *number* of the statements referred to in the charge, and the charge was therefore properly refused. Requested instructions must embody correct legal propositions applicable to the issues and the evidence, must be free from involvement and from all tendency to mislead the jury, and when they are wanting in any of the above essential features they should be refused.—*Martin v. State,* 2 Ala. App. 175, 56 South. 64.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.