# Nuckols v. Andrews.

*Detinue.*

(Decided December 19th, 1912.　60 South. 592.)

1. *Trial; Argument of Counsel.*—Where the defendant claimed the property as a gift, and there was no evidence of unlawful relations between her and the plaintiff, other than the alleged gift by a married man to a single woman, or of any consideration, a statement by defendant's counsel that she had surrendered that consideration which could not be restored to her, was improper, in suggesting as a consideration illicit relations between the parties.

2. *Contracts; Consideration.*—A contract for future lilicit relations is not a consideration for the transfer of property.

3. *Appeal and Error; Harmless Error; Argument of Counsel.*— Where the action was detinue for property which was claimed as a gift, the refusal to exclude argument of counsel for defendant that it was presented to defendant as compensation for sexual intercourse is prejudicial, when not supported by evidence.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Detinue by C. R. Nuckols against Ida Andrews. Judgment for defendant and plaintiff appeals. Reversed and remanded.

L. D. GRAY and FRED B. JONES, for appellant. The statement of counsel was as of a fact and was highly prejudicial to the plaintiff's cause.—*Cross v. State,* 68 Ala. 476; *McAdory v. State,* 62 Ala. 154; *Anderson v. State,* 104 Ala. 83; *Dollar v. State,* 99 Ala. 236; *Insurance Co. v. Allen,* 80 Ala. 571; *Lane v. State,* 85 Ala. 11.

GUNN & POWELL, for appellee. No brief reached the Reporter.

WALKER, P. J.—The appellant (who was the plaintiff below) assigns as error the action of the court in overruling his motion to exclude from the jury the following statement made by the counsel for the defendant in his argument to the jury: "Gentlemen of the jury, the defendant in this case has surrendered to this plaintiff that consideration which can never be restored to her." The evidence for the plaintiff tended to prove that the horse, buggy, and harness sued for belonged to him, and that he had merely permitted the defendant to have the possession and use of that property until he called for it. The evidence in behalf of the defendant tended to prove that the plaintiff had made a gift of

the property to her. The subject of a consideration passing between the parties was not mentioned in the testimony. The evidence as to the circumstances in which the plaintiff, a married man, supplied the defendant, at that time an unmarried woman, with a horse and buggy for her use, may possibly be regarded as such as to furnish some support for an inference or surmise that the relations between them at that time were of an illicit nature; but there was no evidence at all that the plaintiff parted with the property for a consideration, either past or future illicit relations with the defendant, or anything else. The statement objected to was in effect an appeal to the jury to sustain the defendant's claim to the property upon a ground of the existence of which there was no evidence. Under the evidence her only claim to the property rested upon a consummated transaction with the plaintiff. That claim could not have been strengthened or added to by proof as to what induced the plaintiff to give her the property; and certainly she would not have been permitted to prove that she held the property under a contract for future illicit intercourse, and no such proof was offered.— *Walker v. Gregory,* 36 Ala. 180; 1 Page on Contracts, § 400. The absence of any evidence of a consideration supporting the defendant's claim to the property was enough to make the statement objected to improper. It was "an unauthorized allusion to a supposed outside fact, of which there was no proof, and of which no proof could lawfully be made. It could have no influence, except to prejudice the jury by withdrawing their minds and attention from the testimony before them to outside matters, of which there was and could be no testimony."—*Jackson v. Robinson,* 93 Ala. 157, 9 South. 391.

In making the statement the counsel went beyond the limits of legitimate argument, and injected into the case a matter foreign to the evidence, a consideration of which by the jury, if permitted, was calculated to influence their finding. The court's refusal to sustain the plaintiff's motion to exclude was such error as to require a reversal of the judgment.—*Johnson Bros. Co. v. Bentley*, 2 Ala. App. 281, 56 South. 742, and authorities there cited.

Reversed and remanded.