(115 So. 857)

## HAWKINS v. STATE. (7 Div. 420.)

Court of Appeals of Alabama. March 20, 1928.

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. It appears that Carden, the man alleged to have been robbed, went to Judge Holman, of the Anniston inferior court, a short time after he claims the robbery took place, and requested a warrant to issue for the arrest of this appellant, but that Judge Holman refused to issue the warrant because of Carden's statement that he could not identify appellant. Later, it appears, a warrant was issued for the arrest of appellant by Judge Coleman, probate judge of Calhoun county, based upon an affidavit made before him by Carden.

In his closing argument to the jury according to the bill of exceptions, the solicitor said:

"Counsel for the defendant said that Judge Holman refused this man a warrant five days after this crime was committed. This warrant is dated just five days after the crime and is issued by Judge Coleman, sworn to by the same man that consulted Judge Holman, and Judge Coleman is a man of more experience than Judge Holman, and as good a man as Judge Holman, and a much better lawyer."

This argument was improper and prejudicial. It was properly and promptly objected to and a motion duly made to exclude same from the jury. The court overruled the objection and denied the motion. What the court said to counsel in the colloquy that followed did not, in our opinion, eradicate the harm that had been done, and the error of the court in this regard compels the reversal of the judgment. Dunmore v. State, 115 Ala. 69, 22 So. 541. The other questions, which will scarcely arise on another trial, will not be considered.

Reversed and remanded.